| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>-------------------------------------------------------X<br>UNITED STATES OF AMERICA,<br><br>                   -against-<br><br>LAJBAR LAJAWARD KHAN,<br><br>                        Defendant.<br>-------------------------------------------------------X | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED:  September 14, 2023<br><br>15-CR-235 (KMW)<br><br>**OPINION & ORDER** |

KIMBA M. WOOD, United States District Judge:

Defendant Lajbar Lajaward Khan ("Lajaward"), proceeding *pro se*, has filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Def.'s Mot., ECF No. 151.) The Government opposes Lajaward's motion. (Gov't Opp'n, ECF No. 159.) For the reasons set forth below, Lajaward's motion for compassionate release is DENIED.

## BACKGROUND

Lajaward was a supervisor in an Afghanistan-based drug trafficking organization ("DTO"). Lajaward conspired with others to import large quantities of heroin into the United States. (Presentence Investigation Report ("PSR") ¶ 14, ECF No. 85.) In October 2014, Lajaward agreed to provide an undercover Drug Enforcement Agency ("DEA") agent a three-kilogram heroin sample from the DTO to be sold in the U.S. (*Id.* ¶ 17.) After this transaction, in June 2015, Lajaward and his co-conspirator traveled to Thailand to finalize the details of an agreement for the DTO to supply wholesale quantities of heroin for importation into the U.S. (*Id.* ¶¶ 19-20.) Lajaward and his co-conspirator were then arrested by Thai authorities based on the charges in this case, at the request of U.S. authorities. (*Id.* ¶ 22.)

1

On June 26, 2017, Lajaward pleaded guilty to (1) conspiracy to import at least one kilogram of heroin into the United States in violation of 21 U.S.C. §§ 959(c), 960(b)(1)(A), and 963; and (2) distributing and attempting to distribute at least one kilogram of heroin, intending and knowing that it would be imported into the United States in violation of 21 U.S.C. §§ 959(a), 959(c), 960(b)(1)(A), and 963.  (J. at 1-2, ECF No. 138; PSR ¶¶ 2-3, 8.)  On September 12, 2018, the Court sentenced Lajaward to 180 months imprisonment followed by five years of supervised release.  (J. at 3-4.)  The Second Circuit affirmed Lajaward's sentence on November 27, 2019.  *See United States v. Lajaward Khan*, 797 F. App'x 546, 550 (2d Cir. 2019) (summary order).  Lajaward is currently incarcerated at Federal Correctional Institution ("FCI") Elkton, and his projected release date is August 4, 2027.  *See Find an Inmate*, FED. BUREAU OF PRISONS, https://www.bop.gov/mobile/find_inmate/index.jsp (last visited Sept. 13, 2023).

On October 11, 2022, Lajaward filed the present motion for compassionate release.  (Def.'s Mot.)  On January 31, 2023, Lajaward resubmitted his motion with appendices that were missing from his original submission.  (Def.'s Suppl. Mot., ECF No. 158.)  Lajaward asks the Court to release him from custody or reduce his sentence to 120 months imprisonment.  (Def.'s Mot. at 22.)  The Government filed a response in opposition to Lajaward's motion on February 16, 2023.  (Gov't Opp'n.)

## LEGAL STANDARD

Pursuant to § 3582(c)(1)(A), a court may reduce a defendant's sentence if the court finds that "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A).  Three requirements must be met before a court can grant such relief.  First, a defendant must "fully exhaust[]" all administrative remedies with the Bureau of Prisons ("BOP").  *Id.*  Second, a defendant must show that "extraordinary and compelling reasons

2

warrant such a reduction." *Id.* With the passage of the First Step Act, district courts have "broad" discretion in determining what facts constitute "extraordinary and compelling reasons" justifying release and are not limited to those circumstances specified in the Sentencing Guidelines. *See United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). Third, the Section 3553(a) sentencing factors must support early release. 18 U.S.C. § 3582(c)(1)(A).

## DISCUSSION

### I. Lajaward's Motion is Properly Before the Court.

A defendant may move for compassionate release only after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [his] facility, whichever is earlier[.]" *Id.* Importantly, "[Section 3582(c)(1)(A)] does not necessarily require [a] defendant to fully litigate his claim before [the BOP] before bringing his petition to court. Rather, it requires [a] defendant either to exhaust administrative remedies or simply to wait 30 days after serving his petition on the warden of his facility before filing a motion in court." *United States v. Haney*, 454 F. Supp. 3d 316, 321 (S.D.N.Y. 2020) (Rakoff, J.) (emphasis in original).[1]

Here, Lajaward submitted a request for compassionate release to the Warden of FCI Elkton on August 17, 2022. (Def.'s Suppl. Mot., App. at 1.) On August 23, 2022, the Warden

---

[1] District courts in this circuit are "split on how to interpret [§ 3582(c)(1)(A)'s] provision permitting an inmate to move for a sentence reduction 'after ... the lapse of 30 days from the receipt' by the warden of an inmate's request[.]" *United States v. Saladino*, 7 F.4th 120, 123-24 (2d Cir. 2021). Although some courts have concluded that this 30-day waiting period is applicable only when the BOP does not respond to the defendant's request, others have concluded that this waiting period authorizes the defendant to file a motion regardless of whether the warden responds to the defendant's request for compassionate release. *Id.* This Court has adopted the latter approach. *See United States v. El-Hanafi*, 460 F. Supp. 3d 502, 506-07 (S.D.N.Y. 2020) (Wood, J.)

3

denied Lajaward's request.  (Def.'s Suppl. Mot., App. at 2.)  Lajaward did not appeal the Warden's decision.  Lajaward waited more than 30 days after he submitted his original request on August 17, 2022 to file his motion for compassionate release on October 11, 2022.  (*See* Def.'s Mot.)  Accordingly, Lajaward's motion is properly before the Court.

## II.     Lajaward Has Not Demonstrated "Extraordinary and Compelling" Reasons for Compassionate Release

In his motion, Lajaward argues that compassionate release is warranted because (1) he suffers from certain medical conditions that place him at a heightened risk of severe illness from COVID-19; (2) he has endured harsh conditions of confinement due to COVID-19; and (3) he is his minor children's only available caregiver.  (*Id.* at 5-17.)

Lajaward's "[o]besity, [l]atent tuberculosis, ▬▬▬, [h]ypothyrodism, [u]rticaria, [c]ellutis," and prediabetes, among other conditions, do not give rise to an "extraordinary and compelling" reason justifying his release.  (*Id.* at 7.)  First, BOP appears to be adequately treating Lajaward's conditions.  (*See* Gov't. Opp'n at 9-10.)  Second, FCI Elkton has implemented enhanced sanitation, testing, and quarantining procedures to reduce the risk of infection from COVID-19.  *See COVID-19 Modified Operations Plan & Matrix*, FED. BUREAU OF PRISONS, https://www.bop.gov/coronavirus/covid19_modified_operations_guide.jsp (last visited Sept. 13, 2023).  Currently, only one inmate out of a population of approximately 1,985 has COVID-19.  *See BOP COVID-19 Statistics*, FED. BUREAU OF PRISONS, https://www.bop.gov/coronavirus/covid19_statistics.html (last visited Sept. 13, 2023).  Third, Lajaward is fully vaccinated, providing him with significant protection from severe illness

4

should he contract COVID-19.[2]  *See e.g.*, *United States v. Jones*, No. 17-CR-214, 2021 WL 4120622, at *2 (S.D.N.Y. Sept. 9, 2021) (McMahon, J.) ("[T]he risk of COVID-19 for a vaccinated individual is substantially reduced to the point that a defendant will typically not be able to demonstrate extraordinary and compelling reasons after he has been vaccinated"); *United States v. Santana*, No. 12-CR-790, 2023 WL 2625790, at *3 (S.D.N.Y. Mar. 24, 2023) (Engelmayer, J.) (denying defendant's motion for compassionate release even though he had Type 2 diabetes, hypertension, hyperlipidemia, and latent tuberculosis, because he was fully vaccinated).  Thus, even with his medical conditions, Lajaward cannot show that the risk from COVID-19 constitutes an "extraordinary and compelling" reason justifying his release.

Next, Lajaward's argument regarding the challenging prison conditions he has endured does not provide a basis for his early release.  Lajaward asserts that COVID-19 has limited inmates' capacity to receive visitors and their access to programming.  (Def.'s Mot. at 13.)  The Court acknowledges the challenges that inmates have encountered during the pandemic, but Lajaward's "generalized statements about the conditions of confinement do not constitute extraordinary or compelling reasons for compassionate release."  *See United States v. Farmer*, No. 19-CR-427, 2022 WL 47517, at *4 (S.D.N.Y. Jan. 5, 2022) (Swain, C.J.); *Santana*, 2023 WL 2625790, at *3 ("[S]tatements about prison conditions untethered to compelling specifics of

---

[2] Lajaward asserts that "he has not been given any opportunity to receive the third 'booster' [dose] of the [COVID-19] vaccine."  (Def.'s Mot. at 8.)  However, since submitting his motion, Lajaward was offered a booster and refused it.  (Gov't Opp'n, Ex. B.)  Lajaward's failure to obtain a booster undermines his motion for compassionate release because a booster can provide additional protection from COVID-19, further mitigating his risk.  *See United States v. Fusco*, No. 09-CR-1239, 2023 WL 3380199, at *6-7 (S.D.N.Y. May 11, 2023) (Castel, J.) (collecting cases) ("Fusco's failure, without apparent justification, to take this basic precaution to protect himself from COVID-19 undermines his argument that he should be granted a sentence reduction based on the risks he faces if reinfected.").  Though further inoculation is not required, a booster is available, if Lajaward decides that he would like one.  (Gov't. Opp'n at 10-11.)

the defendant's particular circumstances do not make the defendant's conditions 'extraordinary and compelling.'").

Lastly, Lajaward has not established an "extraordinary and compelling" reason based on family hardship. Lajaward claims that his wife had a stroke and that she is now unable to care for their minor children. (Def.'s Mot. at 11-12.) As a result, he asserts that he is their minor children's only available caregiver. (*Id.*) Though Lajaward's family circumstances could constitute an "extraordinary and compelling" reason justifying release, *see* U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(C), courts generally find that release is not warranted "when there may be other family members available to care for the children." *United States v. Myrick*, No. 12-CR-385, 2020 WL 6128943, at *5 (E.D.N.Y. Oct. 19, 2020) (Ross, J.); *see also United States v. Lisi*, 440 F. Supp. 3d 246, 252 (S.D.N.Y. 2020) (Failla, J.) ("The animating principle of the Family Circumstances category is that there exists an extraordinary and compelling reason for release when the defendant has a close family member who is completely unable to care for himself or herself and for whom the defendant would be the only available caregiver."). Lajaward has failed to offer any evidence to support his claim that he is his minor children's only available caregiver. As the Government notes, Lajaward provided "no information regarding why his second wife[,] eight siblings, or other adult children, cannot provide the care his wife and children allegedly require." (Gov't. Opp'n at 13.) Accordingly, the Court declines to find that an "extraordinary and compelling" reason exists on this basis.[3]

---

[3] Lajaward requests that the Court appoint counsel so that he may obtain sworn affirmations attesting to his wife's incapacitation and her inability to care for their minor children. (Def.'s Reply at 3, ECF No. 160.) "[A] defendant has no right to the assistance of counsel in filing a motion for compassionate release [under 3582(c)][.]" *United States v. Collado*, No. 14-CR-731, 2021 WL 3023685, at *1 (S.D.N.Y. July 16, 2021) (Swain, C.J.) (citation omitted). However, counsel may be appointed when, among other things, a defendant demonstrates that "his application for compassionate release is likely to have merit." *See United States v. Davidson*, No. 15-CR-288, 2022 WL 484829, at *4 (S.D.N.Y. Feb. 17, 2022) (Berman, J.) (citation omitted). Even assuming Lajaward could submit further proof of his wife's incapacitation, it would not change the Court's analysis because the 3553(a) factors, as explained *infra*, do not support Lajaward's early release. Accordingly, the Court declines to appoint counsel here.

**III.     The Section 3553(a) Factors Weigh Against Release.**

Even if Lajaward could demonstrate an "extraordinary and compelling" reason for a sentence reduction, the applicable § 3553(a) factors do not support his early release. The § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence to reflect the appropriate purposes of punishment; (3) the kinds of sentences available; (4) the Sentencing Guidelines range; (5) any policy statement by the Sentencing Commission; (6) the obligation to avoid disparate sentences among similarly situated defendants; and (7) the goal of providing restitution. 18 U.S.C. § 3553(a).

Lajaward committed a "serious" offense. As the Court stated at sentencing, "[h]eroin is a scourge on our countrymen and the defendant was prepared to introduce over or at least a hundred kilograms of heroin into the hands of someone who would bring them into this country." (Sent'g Tr. 19:25-20:3, ECF No. 139.) Heroin, a highly addictive and dangerous opioid, contributes to the deaths of thousands of Americans each year. *See Opioid Overdose*, CTRS. FOR DISEASE CONTROL & PREVENTION, https://www.cdc.gov/drugoverdose/deaths/opioid-overdose.html (last visited Sept. 13, 2023). If the Court released Lajaward now, or reduced his sentence to 120 months, Lajaward's sentence would not "reflect the seriousness of the offense, [] promote respect for the law, [and] provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A).

Moreover, at sentencing, the Court considered Probation's recommendation that it impose the statutory minimum sentence of 120 months, but declined to follow it because of the need for deterrence. (*See* PSR at 20-22; Sent'g Tr. 20:15-19). The Court maintains the view that

7

Lajaward's sentence is necessary to specifically deter Lajaward—who was an established drug trafficker at the time of his arrest—and to "send the correct message to other would-be traffickers." (Sent'g Tr. 20:10-19.)

Therefore, though the Court commends Lajaward for his good conduct while incarcerated, the Court finds that the § 3553(a) factors weigh against compassionate release.

## CONCLUSION

For the foregoing reasons, Lajaward's motion for compassionate release pursuant to §3582(c)(1)(A) is DENIED.

The Clerk is respectfully directed to close the pending motion at ECF No. 151.

SO ORDERED.

Dated: New York, New York
September 14, 2023

                                                   */s/ Kimba M. Wood*
                                                   KIMBA M. WOOD
                                         United States District Judge